1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHELTON EAVES,                                  No. C 20-6808 WHA (PR)

        Plaintiff,                          **ORDER OF DISMISSAL WITH
                                                LEAVE TO AMEND**

  v.

ALAMEDA COUNTY SHE RIFF
DEPARTMENT; R. SLAUGHTER

        Defendants.
_____/

**INTRODUCTION**

      Plaintiff is an inmate in the Alameda County Jail who filed this pro se complaint under

42 U.S.C. § 1983 against jail officials complaining about the conditions of his confinement.

Plaintiff has paid the filing fee.  For the reasons discussed below, the complaint is **DISMISSED**

for failure to state a cognizable claim for relief.  Plaintiff is granted leave to file an amended

complaint.

**ANALYSIS**

**A.**    **STANDARD OF REVIEW**

      Federal courts must engage in a preliminary screening of cases in which a plaintiff seeks

to proceed in forma pauperis ("IFP").  28 U.S.C. § 1915(e).  In its review the court must dismiss

any claims which are frivolous, malicious, fail to state a claim upon which relief may be

granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at §

1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police

Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

**United States District Court**
For the Northern District of California

1  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds

2  upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

3  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

4  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

5  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

6  do. . . .   Factual allegations must be enough to raise a right to relief above the speculative

7  level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

8  complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

9  at 1974.

10         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

11  (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

12  that the alleged deprivation was committed by a person acting under the color of state law.

13  *West v. Atkins*, 487 U.S. 42, 48 (1988).

14  **B.    LEGAL CLAIMS**

15         Plaintiff alleges that an inmate with symptoms of the COVID-19 virus fell out of his cell

16  at 1 a.m. on July 7, 2020, and struck his head.  The inmate was escorted from his cell but blood

17  from his wound got onto the floor of the cell and the hallway outside of it.  Plaintiff complains

18  that jail officials did not clean up the blood until approximately 9 a.m., when professional

19  cleaners in "hazmat" gear arrived and cleaned.  Plaintiff does not allege that he shared the cell,

20  that he was housed nearby, or that he came into contact with the blood.  Nevertheless, plaintiff

21  claims that leaving the blood on the floor for that period of time threatened his safety and

22  violated his constitutional rights.

23         A pretrial detainee bringing a claim that jail officials failed to protect him from unsafe

24  conditions must show that the prison official acted with deliberate indifference.  *See Castro v.*

25  *Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (en banc).  A pretrial detainee need

26  not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to-

27  protect claim." *Id.* at 1070.  A pretrial detainee who asserts a due process claim for failure to

28

2

protect instead must prove "more than negligence but less than subjective intent -- something akin to reckless disregard." *Id.* at 1071. The elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Ibid.* (footnote omitted). With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. *Ibid*.

Plaintiff has not made any allegations regarding the fourth element. He has not alleged that he contracted COVID-19 or any other injury, let alone that the failure to clean up the blood on the floor any sooner caused him any injury. His fear of such an injury does not satisfy the fourth element of the due process claim. Plaintiff's allegations also do not satisfy the second element of the claim — a condition that presented a substantial risk of serious harm. According to the allegations, the bleeding happened in the middle of the night and was cleaned up early the next morning. Plaintiff does not allege that jail officials allowed him or any other staff or inmate to come into contact with the blood, or to be in its vicinity until it had been cleaned up by professionals. Plaintiff cites no evidence that the blood of someone infected with the COVID-19 virus can transmit the virus to another person who does not come into contact with the blood. Plaintiff has not alleged a condition that put him at a substantial risk of serious harm.

Furthermore, plaintiff's allegations establish that defendants did not act with deliberate indifference as required to meet the third element of a due process claim. According to the allegations, if the inmate who bled did in fact have the COVID-19 virus, and his blood could

United States District Court

For the Northern District of California

1  actually have transmitted the disease to plaintiff, that would mean that any staff member who

2  tried to clean it up would be at risk of becoming infected.  This would not only threaten the staff

3  member with the disease, but put the entire jail's staff and inmate population at risk of

4  contracting it via spread from the staff member.  To avoid this danger, jail officials reasonably

5  waited until they could obtain the services of a professional "hazmat" cleaner with the

6  appropriate equipment and training to safely clean up the blood.  Because the allegations in the

7  complaint establish that jail officials acted reasonably, and were not deliberately indifferent

8  under the objective standard of a due process claim, plaintiff's claim fails.

9

10                                      **CONCLUSION**

11          The complaint is **DISMISSED** with leave to amend.  Within **28 days** of the date this order

12  is filed, plaintiff shall file an amended complaint in which he cures the deficiencies described

13  above, if he can do so in good faith.  The amended complaint must include the caption used in

14  this order and the civil case number C 20-6808 WHA (PR) and the words FIRST AMENDED

15  COMPLAINT on the first page.  Because an amended complaint completely replaces the

16  original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v.*

17  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the

18  original complaint by reference.  Failure to amend within the designated time and in accordance

19  with this order will result in the dismissal of this case.

20          It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

21  informed of any change of address and must comply with the court's orders in a timely fashion.

22  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

23  Federal Rule of Civil Procedure 41(b).

24          **IT IS SO ORDERED.**

25

26  Dated: November __24__, 2020.                          _____

                                                           WILLIAM ALSUP
27                                                         UNITED STATES DISTRICT JUDGE

28

4