IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON EAVES, | No. C 20-6808 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| ALAMEDA COUNTY SHE RIFF DEPARTMENT; R. SLAUGHTER | |
| Defendants. | |

Plaintiff is an inmate in the Alameda County Jail who filed this pro se complaint under 42 U.S.C. § 1983. He complained that jail officials did not immediately clean up after an inmate with COVID -19 had fallen and bled on the floor. The complaint was dismissed with leave to amend because plaintiff's allegations, even when liberally construed in his favor, failed to satisfy three of the four elements of the claim that such conditions violated his constitutional right to due process. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068-71 (9th Cir. 2016) (en banc).

The elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the

plaintiff's injuries.

*Ibid.* (footnote omitted).  With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. *Ibid*.  The original complaint did not satisfy the second, third and fourth elements.

Plaintiff has filed a timely amended complaint which has not corrected the deficiencies of his original complaint.  Specifically, plaintiff has not alleged that he has suffered any cognizable injury.  He has not alleged that he got sick or contracted COVID-19, only that he fears he might in the future.  But the incident occurred on July 17, 2020, and if he had contracted an illness from it, he would have done so long before the date he prepared the amended complaint, i.e. December 17, 2020.  Plaintiff may not, moreover, obtain the relief he seeks — money damages — based solely upon his fear in the absence of a physical injury.  *See* 42 U.S.C. § 1997e(e) (prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury).

The amended complaint also fails to correct the other deficiencies noted in the original complaint.  Plaintiff does not allege or cite evidence that COVID-19 can be transmitted by blood, let alone to a person who does not come into contact with the blood, such as Plaintiff in this instance.  Plaintiff's allegations also do not change the allegations in the original complaint that jail officials relied upon a professional "hazmat" to clean up the area, which was a reasonable response to a potential health threat.  The allegations in the amended complaint establish that defendants were not deliberately indifferent, did not expose him to an unconstitutionally unsafe condition, and did not cause him any cognizable injury.  Accordingly, the amended complaint fails to state a cognizable claim for relief.

The case is **DISMISSED**.  The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January __21__, 2021.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2